NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000450**
**24-OCT-2012**
**08:40 AM**

NO. CAAP-11-0000450

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

AMERICAN SAVINGS BANK, F.S.B., Plaintiff-Appellee,
v.
DAVID BASQUE, II, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-274K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Upon review of the parties' briefs and the record, it appears we lack jurisdiction over Defendant-Appellant David Basque, II's (Basque) appeal from the May 5, 2011 "Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed July 26, 2010" (May 5, 2011 Order) entered in the Circuit Court of the Third Circuit[1]. The May 5, 2011 Order is not an appealable order under Hawaii Revised Statutes (HRS) § 667-51(a) (Supp. 2011), HRS § 641-1(a) (1993 & Supp. 2011), and the collateral order doctrine. See, e.g., Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002).

On its face, the May 5, 2011 Order appeared to be an appealable order under either HRS § 667-51(a) or HRS § 641-1(a) and the collateral order doctrine. The May 5, 2011 Order constituted a "judgment" under Hawai'i Rules of Civil Procedure

---

[1] The Honorable Ronald Ibarra presided.

(HRCP) Rule 54(a)[2]. Basque filed his notice of appeal from the May 5, 2011 Order on June 6, 2011, and "[g]enerally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). However, in this case, Basque timely invoked Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3)[3] and thereby extended both the duration of the circuit court's jurisdiction and the thirty-day time period under HRAP Rule 4(a)(1) through the HRCP Rule 59 motion[4] he timely filed on February 3, 2011 to set aside the circuit court's impending entry of the May 5, 2011 Order. The fact that Basque filed his February 3, 2011 HRCP Rule 59 motion prematurely (i.e., prior to entry of the May 5, 2011 Order) did not negate its effect under HRAP Rule 4(a)(3) or HRCP Rule 59. See, e.g., Saranillio v. Silva, 78 Hawai'i 1, 7, 889 P.2d 685, 691 (1995) ("HRCP [Rule] 59 does not require that a motion be served *after* the entry of judgment; it imposes only an

---

[2]     HRCP Rule 54(a) provides in relevant part:

**Rule 54.   JUDGMENTS; COSTS; ATTORNEYS' FEES.**

        **(a) Definition; form.** "Judgment" as used in these rules include a decree and any order from which an appeal lies.

[3]     HRAP Rule 4(a)(3) provides:

**Rule 4. APPEALS - WHEN TAKEN.**
        **(a) Appeals in civil cases.**
        . . . .

        (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely <u>motion</u> for judgment as a matter of law, to amend findings or make additional findings, for a new trial, <u>to reconsider, alter or amend the judgment</u> or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; <u>provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion</u>.

HRAP Rule 4(a)(3) (emphases added).

[4]     Basque's February 3, 2011 "Motion to set Aside Summary Judgment" was a motion to alter or amend a judgment under HRCP Rule 59(e), although not denominated as such. "[T]he substance of the pleading controls, not the nomenclature given to the pleading." Madden v. Madden, 43 Haw. 148, 2, 1959 WL 11630 (Haw. Terr. 1959).

2

outer [ten-day] time limit on the service of a motion to alter or amend the judgment[.]"). Therefore, despite the filing of Basque's June 6, 2011 notice of appeal, the trial court retained jurisdiction up to ninety days under HRAP Rule 4(a)(3)[5] for the limited purpose of adjudicating Basque's February 3, 2011 HRCP Rule 59 motion to set aside the circuit court's impending entry of the May 5, 2011 Order. When the circuit court entered the July 1, 2011 order granting Basque's February 3, 2011 HRCP Rule 59 motion, the circuit court effectively set aside the May 5, 2011 Order. Therefore, the May 5, 2011 Order was not an appealable order.

"An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the [Intermediate Court of Appeals] will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 120, 869 P.2d 1334, 1339 (1994) (emphasis added). Furthermore, "[i]t is the responsibility of each appellant to provide a record, as defined in [HRAP] Rule 10 and the Hawaiʻi Court Records Rules, that is sufficient to review the points asserted and to pursue appropriate proceedings in the court or agency from which the appeal is taken to correct any omission." HRAP Rule 11(a). On August 4, 2011, the circuit court clerk filed the record on appeal for appellate court case number CAAP-11-0000450, at which time the record on appeal did not contain an appealable order or appealable judgment. Absent an appealable order or appealable judgment, we lack jurisdiction over appellate court case number CAAP-11-0000450.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack

---

[5] Pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawaiʻi 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant's post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [is] deemed denied." Cnty. of Hawaiʻi v. C&J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 367, 198 P.3d 615, 630 (2008). The supreme court holds that when such a motion "is prematurely filed prior to the entry of final judgment, we will deem such motion filed immediately after the judgment becomes final for the purpose of calculating the 90-day period." Buscher v. Boning, 114 Hawaiʻi at 221, 159 P.3d at 833.

3

_jurisdiction shall not require anything other than a_
_dismissal of the appeal or action._ Without jurisdiction, a
court is not in a position to consider the case further.
Thus, appellate courts have an obligation to insure that
they have jurisdiction to hear and determine each case. The
lack of subject matter jurisdiction can never be waived by
any party at any time. Accordingly, when we perceive a
jurisdictional defect in an appeal, we must, _sua sponte_,
dismiss that appeal.

_Housing Fin. & Dev. Corp. v. Castle_, 79 Hawaiʻi 64, 76, 898 P.2d

576, 588 (1995) (citations, internal quotation marks, and

ellipsis omitted; emphasis added); _Peterson v. Hawaii Electric_

_Light Co., Inc._, 85 Hawaiʻi 322, 326, 944 P.2d 1265, 1269 (1997),

superseded on other grounds by HRS § 269-15.5 (Supp. 1999); _Pele_

_Defense Fund v. Puna Geothermal Venture_, 77 Hawaiʻi 64, 69 n.10,

881 P.2d 1210, 1215 n.10 (1994).

Therefore,

IT IS HEREBY ORDERED THAT appellate court case number

CAAP-11-0000450 is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, October 24, 2012.


On the briefs:

Robin R. Horner
(RRH & Associates)
for Defendant-Appellant.

Robert E. Chapman
Elise Owens Thorn
(Clay Chapman Iwamura Pulice &
Nervell)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4